IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: _____

DONALD NAPPI, individually, and on
behalf of all others similarly situated,

    *Plaintiff*,

                                 CLASS ACTION

v.

AMERIFINANCIAL SOLUTIONS, LLC,
a North Carolina limited liability company,

    *Defendant*.

_____ /

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Donald Nappi ("Nappi" or "Plaintiff") brings this class action complaint against Defendant AmeriFinancial Solutions, LLC ("AmeriFinancial"), to stop its practice of placing unauthorized telephone calls to the cellular telephones of consumers and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.     AmeriFinancial is a debt collection agency that works with physician groups to recover alleged debts owed to them by their patients for medical services.

2.     AmeriFinancial aggressively collects on its clients' debts by, among other things, harassing debtors using automated dialing equipment and repeatedly calling the personal phone numbers that they listed on AmeriFinancial's clients' intake forms before receiving medical services.

3. Unfortunately, to put even more pressure on its clients' debtors, AmeriFinancial also places harassing robocalls to the people that were designated as "Emergency Contacts" on their medical intake forms.

4. AmeriFinancial robocalls its clients' debtors' "Emergency Contacts" despite that they have nothing to do with the underlying medical debt, and never provided their consent to be called.

5. By autodialing the phones of the people listed as "Emergency Contacts" without consent, AmeriFinancial has repeatedly violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

6. Defendant's TCPA violations caused Plaintiff and a class of consumers (defined below) to suffer actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited telephone calls.

7. Plaintiff seeks an injunction to stop Defendant from placing additional unlawful calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff Donald Nappi is a natural person and citizen of the State of Florida and resides in the City of Deerfield Beach, Broward County, Florida.

9. Defendant AmeriFinancial Solutions, LLC, is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business located at 300 Redland Ct., Owings Mills, Maryland 21117. Defendant AmeriFinancial regularly does business throughout the State of Florida and in this District.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the claim in this action pursuant to 28 U.S.C. § 1331 because it arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District, and the conduct and events giving rise to Plaintiff's claims arose in this District. Venue is additionally proper because Plaintiff resides here.

## COMMON FACTUAL ALLEGATIONS

12. AmeriFinancial is a debt collection company that "specialize[s] in collecting delinquent healthcare debt utilizing the latest technology,"[1] including "automated dialer technology to contact [individuals] via telephone."[2]

13. To drive up its recovery rates, AmeriFinancial implemented a policy of placing robocalls to the emergency contacts provided by its clients' patients on their intake paperwork.

14. However, AmeriFinancial lacks consent from its clients' debtors' emergency contacts to place autodialed robocalls to their phones. In fact, AmeriFinancial has no relationship with its clients' debtors' emergency contacts whatsoever.

15. The TCPA is intended to give consumers control over how and where they receive calls. When Defendant incessantly autodials the debtors' emergency contacts, without consent, it takes control away from consumers and violates the spirit and letter of the TCPA.

---

[1] *See* AmeriFinancial Solutions, *Our Mission*, www.amerifinsol.com/html/ourBeliefs.html (last visited Nov. 11, 2016).

[2] *See* AmeriFinancial Solutions, *Company Overview*, www.amerifinsol.com/html/afsSolutions.html (last visited Nov. 11, 2016).

## FACTS SPECIFIC TO PLAINTIFF NAPPI

16. In 2013, a third-party submitted a patient intake form to one of AmeriFinancial's clients that listed Plaintiff's cellular telephone number as an "Emergency Contact" to be contacted in case of a healthcare emergency.

17. The third-party did not have the authority to provide Plaintiff's consent for him to receive telephone calls made with an automatic telephone dialing system, or calls featuring an artificial or prerecorded voice, at his cellular telephone number.

18. Moreover, Plaintiff never provided AmeriFinancial, nor any of its clients, with his cellular telephone number, or with his consent to receive calls made with an automatic telephone dialing system.

19. Shortly after the third-party listed Plaintiff's name as an "Emergency Contact" for healthcare purposes on her intake form, AmeriFinancial was engaged by its client to collect on the debt allegedly owed to the client by the third-party for the medical services the client had provided.

20. Despite knowing that Plaintiff's number was listed as an "Emergency Contact" for healthcare purposes only, and thus did not belong to the third-party herself, AmeriFinancial robocalled his cellular telephone, without his consent, several times throughout 2013 using its "automated dialer technology."

21. Plaintiff answered several of AmeriFinancial's robocalls throughout 2013.

22. At all times relevant, Defendant AmeriFinancial knew it was using an automatic telephone dialing system, knew it was placing calls to Plaintiff's cellular telephone, and knew it was doing so without his prior express consent.

4

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and a Class defined as follows:

> **Class**: All persons in the United States who: (1) were listed as an emergency contact on a patient intake form submitted to any of AmeriFinancial's physician group clients; (2) answered a telephone call made by AmeriFinancial; (3) at his or her cellular telephone number; (4) placed using an automatic telephone dialing system; and (5) where AmeriFinancial did not have any record of express consent to place such call at the time it was made.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed telephone calls to tens of thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records and/or those of its physician group clients.

25. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) Whether Defendant systematically placed (or had placed on its behalf) telephone calls to consumers' cellular telephones without their prior express consent;

    (b) Whether Defendant's telephone calls were placed to consumers' cellular telephones utilizing an automatic telephone dialing system;

    (c) Whether Defendant's conduct violated the TCPA; and

    (d) Whether Defendant's conduct was willful such that Plaintiff and the Class members are entitled to treble damages.

28. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual

litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
## Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class Against Defendant)

29. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30. Defendant initiated telephone calls to Plaintiff's and the Class members' cellular telephone numbers without having prior express consent.

31. Defendant initiated these calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, *en masse*, simultaneously and without human intervention.

32. By having calls initiated to cellular telephone numbers with an automated telephone dialing system and without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered invasions of their privacy and of their statutory rights. As such, under 47 U.S.C. § 227(b)(3)(B), Plaintiff and each Class member are entitled to, *inter alia*, a minimum of $500 in statutory damages (which may be trebled upon a showing of willfulness) for each such violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Donald Nappi, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Donald Nappi as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. A declaratory judgment that the telephone calling equipment utilized by the Defendant to make the calls at issue constitutes an automatic telephone dialing system under the TCPA;

4. An injunction requiring Defendant to cease all use of automated or computerized telephone calling equipment without obtaining and maintaining records of the call recipients' prior express consent to receive calls made with such equipment, and otherwise protecting the interests of the Class;

5. An order requiring Defendant to disclose the names of any third-party companies involved in the generation of the telephone calls alleged herein, along with the terms of any contracts it has with such entities;

6. An award of reasonable attorneys' fees and costs; and

7. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: November 15, 2016

**DONALD NAPPI**, individually and on behalf of all others similarly situated,

By: /s/ David P. Healy
      One of Plaintiff's Attorneys

David P. Healy (0940410)
Dudley, Sellers, Healy & Heath, PLC
SunTrust Financial Center
3522 Thomasville Rd., Suite 301
Tallahassee, Florida 32309
Tel: 850.222.5400
Fax: 850.222.7339
dhealy@davidhealylaw.com

Benjamin H. Richman
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro hac vice* admission to be sought

9